**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: November 4, 2022
Date Decided: February 14, 2023

Ronald N. Brown, III
Amy E. Evans
DLA Piper LLP (US)
1201 N. Market St. Suite 2100
Wilmington, DE 19801

Catherine A. Gaul
Michael D. Walker
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

Re:    *ActiGraph Holdings, LLC, et al. v. Cyntech, Inc., et al.*,
        C.A. No. 2021-0507-KSJM

Dear Counsel:

The defendants have moved to dismiss the three-count complaint under Court of Chancery Rules 12(b)(1), 12(b)(2), and 12(b)(6).[1] This decision holds that the court lacks personal jurisdiction over Defendant Jeffrey D. Arnett as to Count III, which serves as the sole basis for the court's subject matter jurisdiction. Lacking any basis for subject matter jurisdiction, this decision dismisses the remainder of the complaint without prejudice and with leave to transfer to the Delaware Superior Court pursuant to 10 *Del. C.* § 1902.[2]

---

[1] Defs.' Am. Mot. to Dismiss, Dkt. No. 9.

[2] This case was transferred to me from Vice Chancellor Glasscock after the motions were fully briefed and the parties presented oral argument. After examining the briefs and oral argument transcripts, I concluded that further argument before me was unnecessary.

This matter arises out of the sale of ActiGraph LLC, a Florida limited liability company.[3]   Florida residents Arnett and Paul S. Hsu, and Florida entity the Biggs 2005 Family Trust (collectively, the "Stockholders") owned Cyntech, Inc. ("Cyntech"), a Florida corporation.[4]   Cyntech owned ActiGraph,[5] a provider of medical-grade biometric monitoring.[6]   On May 7, 2020, Cyntech and the Stockholders (together "Defendants") entered into a purchase agreement (the "Purchase Agreement") to sell Cyntech's interest in ActiGraph to ArchiMed SAS's Delaware subsidiary, ActiGraph Holdings, LLC ("Holdings").[7]   Arnett was ActiGraph's CEO prior to the sale.[8]

Holdings and ActiGraph (together "Plaintiffs") brought this suit against Cyntech and the Stockholders in connection with the sale.  In Count I, Plaintiffs claim that Defendants breached the purchase agreement.  In Count II, Plaintiffs claim that Arnett and Cyntech fraudulently induced them to buy the ActiGraph.  In Count III, ActiGraph claims that Arnett breached his fiduciary obligations to the company prior to the sale.  The claim for breach of fiduciary duty found in Count III supplies Plaintiffs' sole basis for invoking this court's subject matter jurisdiction.

---

[3] Verified Compl., Dkt. No. 1 ("Compl.").  Unless otherwise specified, the facts in this section are drawn from the Complaint.

[4] Compl. ¶¶ 3, 20–23.

[5] *Id*. ¶¶ 1–2.

[6] *Id*. ¶¶ 26.

[7] *Id*. ¶¶ 4, 27–29.

[8] *Id*. ¶ 23.

Arnett has moved to dismiss Count III for lack of personal jurisdiction. Delaware courts apply a two-part test to determine whether a Delaware court has personal jurisdiction over a non-resident defendant.[9] First, the court considers whether a governing statute "authorizes service of process on the defendant."[10] Second, the court analyzes whether the non-resident defendant has minimum contacts with Delaware such that she could reasonably foresee being called into our courts.[11] "Where a party commits to the jurisdiction of a particular court or forum by contract, such as through a forum selection clause, a 'minimum contacts' analysis is not required;"[12] the court's analysis focuses on the contractual language.

Plaintiffs argue that Arnett submitted to the personal jurisdiction of this court by agreeing to a forum selection provision in the Purchase Agreement. The forum selection provision states that:[13]

> Each party hereby irrevocably submits to the jurisdiction of the Court of Chancery of the state of Delaware or any federal court of competent jurisdiction in the state of Delaware, *solely in respect of the interpretation and enforcement of the provisions of this agreement* and of the documents referred to in this agreement, and hereby waives, and agrees not to assert, as a defense in any action, suit or proceeding for the interpretation or

---

[9] *Eagle Force Hldgs., LLC v. Campbell*, 187 A.3d 1209, 1228 (Del. 2018) (citing *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 438 (Del. 2005)).

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] Pls.' Answering Br. Opp'n Defs.' Mot. to Dismiss Verified Compl. 12–16, Dkt. No. 11 ("Pls.' Answering Br.").

enforcement hereof or of any such document, (a) that it is not subject thereto or that such action, suit or proceeding may not be brought or is not maintainable in said courts, (b) that the venue thereof may not be appropriate or (c) that the internal laws of the state of Delaware do not govern the validity, interpretation or effect of this agreement, and the parties hereto irrevocably agree that all disputes with respect to such action or proceeding shall be heard and determined in such a state or federal court. Each party hereby consents to and grants any such court jurisdiction over the person of such parties and over the subject matter of any such dispute and agrees that mailing of process or other papers in connection with any such action or proceeding in the manner provided in section 7.4, or in such other manner as may be permitted by law, shall be valid and sufficient service thereof.[14]

As the above-emphasized language reflects, the parties to the forum selection provision limited their consent to jurisdiction as it relates to the "interpretation and enforcement" of the Purchase Agreement.  By agreeing to the forum selection clause, Arnett did not expressly consent to this court's exercise of personal jurisdiction over him to resolve claims for breach of fiduciary duties.  Nor do Arnett's fiduciary obligations as CEO of Altigraph arise from the Purchase Agreement.

The court's decision in *Pacira BioSciences, Inc. v. Fortis Advisors LLC* is instructive.[15]  There, the court interpreted a forum selection provision in a merger agreement stipulating to jurisdiction over claims that "arise out of the [m]erger [a]greement or the matters contemplated [t]herein."[16]  The plaintiffs argued that a forum selection provision gave rise to personal jurisdiction over claims for breach of fiduciary duties

---

[14] Compl., Ex. 1 § 7.9, Dkt. No. 1. (emphasis added, all caps omitted).

[15] 2021 WL 4949179 (Del. Ch. Oct. 25, 2021).

[16] *Id.* at *19.

against signatories to the merger agreement.[17]  As one of their responses, the signatories argued that the claims for breach of fiduciary duty did not "arise out of" the merger agreement.  Vice Chancellor Fioravanti agreed, holding that the "arising out of" language was comparatively narrow and extend to the claims for fiduciary breach.[18]

Here, the forum selection provision at issue is even narrower, applying "solely" to "interpretation and enforcement of the provisions of this agreement."  Plaintiffs' claims for breach of fiduciary duty does not requiring interpreting or enforcing the agreement.  As a result, the Purchase Agreement's forum selection provision does not confer personal jurisdiction over Arnett in connection with the claim for breach of fiduciary duties.

Plaintiffs also argue that Arnett's contacts with Delaware establish personal jurisdiction, but this too fails.  "In order to establish jurisdiction over a nonresident defendant, the nonresident defendant's contacts with the forum must rise to such a level that it should 'reasonably anticipate' being required to defend itself in Delaware's courts."[19]  Arnett's sole connection to Delaware is the Purchase Agreement itself.  Even if the Purchase Agreement could act as a contact, "it is well settled law that entering into a contract with a Delaware entity is not a sufficient jurisdiction conferring act within this

---

[17] *Id.* at *20–22.

[18] *Id.* (citation omitted).

[19] *AeroGlobal Capital Mgmt., LLC*, 871 A.2d at 440 (citation omitted).

State."[20]  Accordingly, Arnett's contacts do not provide personal jurisdiction over him in connection with the claim for breach of fiduciary duties.

None of Plaintiffs' other claims give rise to this court's subject matter jurisdiction. In Count I, Plaintiffs claim that Defendants breached the Purchase Agreement in several ways and seeks monetary damages.[21]  Neither the cause of action nor its requested relief is equitable in nature.[22]  Count I, therefore, does not give rise to subject matter jurisdiction.

In Count II, ActiGraph and Holdings allege that, by virtue of the above actions, Arnett and Cyntech committed fraud.[23]  Fraud is not an equitable claim.[24]  In briefing, however, Plaintiffs argue that Count II contains claims for both common law *and* equitable fraud.[25]  This argument finds little support in the complaint.[26]  Although equitable fraud

---

[20] *Mobile Diagnostic Grp. Hldgs., LLC v. Suer*, 972 A.2d 799, 808 (Del. Ch. 2009) (citations omitted).

[21] Compl. ¶¶ 138–58.

[22] *Int'l Bus. Machines Corp. v. Comdisco, Inc.*, 602 A.2d 74, 78 (Del. Ch. 1991) ("[A] judge in equity will take a practical view of the complaint, and will not permit a suit to be brought in Chancery where a complete legal remedy otherwise exists but where the plaintiff has prayed for some type of traditional equitable relief as a kind of formulaic 'open sesame' to the Court of Chancery.").

[23] Compl. ¶¶ 159–70.

[24] *Tr. Robin, Inc. v. Tissue Analytics, Inc.*, 2022 WL 4545174, at *3–4 (Del. Ch. Sept. 29, 2022).

[25] Pls.' Answering Br. at 17–18.

[26] Plaintiffs invite me to *infer* a pleading of equitable fraud against Arnett based on his purported fiduciary duty breaches.  Pls.' Answering Br. at 17–18.  Such an inference is unreasonable given that Count II lacks any mention of an equitable relationship, and was pled not by ActiGraph against Arnett (the parties to the special relationship in question), but by *all Plaintiffs* against Arnett *and Cyntech*.

can "prize the door of Chancery[,]"[27] Plaintiffs' equitable fraud argument is merely an attempt to impermissibly bootstrap a deficient complaint into equitable jurisdiction. Count II, therefore, does not give rise to subject matter jurisdiction.

Because the court lacks subject matter jurisdiction, the complaint is dismissed without prejudice and with leave to transfer pursuant to 10 *Del. C.* § 1902. The parties are instructed to prepare a form of order memorializing this decision and submit it for my review within ten days.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

---

[27] *Birney v. Delaware Dep't of Safety & Homeland Sec.*, 2022 WL 16955159, at *2 (Del. Ch. Nov. 16, 2022).